**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-10158
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR JOEL MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-43-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oscar Joel Martinez appeals from his guilty plea conviction of receiving child pornography and aiding and abetting. Martinez contends that his sentence, which was within the relevant guideline sentencing range, was unreasonable because the relevant guideline sentencing provision, U.S.S.G. § 2G2.2, is irrational and was not the result of careful study and deliberation but rather was the result of Congressional fiat; that the district court failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide adequate reasons for his sentence; and that the district court sentenced him as if the Sentencing Guidelines were mandatory.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for "reasonableness." *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Under the now-discretionary guidelines scheme, the sentencing court has a duty to consider the factors of 18 U.S.C. § 3553(a) and to correctly determine the applicable guidelines range. *Mares*, 402 F.3d at 518-19. Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for abuse of discretion. *Id.* at 597.

Martinez raises his issues for the first time on appeal. Our review is for plain error. *See United States v. Lopez-Velasquez,* 526 F.3d 804, 806 (5th Cir.), *cert. denied,* 129 S. Ct. 625 (2008). To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A sentence imposed within a properly calculated guideline sentencing range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). "In appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." *United States v. Mondragon-Santiago,* ___ F.3d ___, 2009 WL 782894, *9 (5th Cir. Mar. 26, 2009). This court "will presume a sentence within the current

version of the Guidelines to be reasonable, and the defendant must rebut that presumption to demonstrate substantive unreasonableness." *Id.* Martinez has shown no error, plain or otherwise, as to whether his sentence is entitled to a presumption of reasonableness.

The district court at sentencing had before it the presentence report (PSR), Martinez's motion for a departure or variance, and the Government's response to that motion. The district court adopted the calculations and reasoning of the PSR and listened to Martinez's particular arguments for a departure or variance. The district court said nothing about the motion for a departure or variance, but did state that the sentence served the goals of punishment and deterrence. The district court's reason for the sentence was explained adequately. *See United States v. Rodriguez,* 523 F.3d 519, 525-26 (5th Cir.), *cert. denied,* 129 S. Ct. 624 (2008).

Martinez does not direct this court to any particular statements by the district court suggesting that it was sentencing him under a mistaken belief that the Sentencing Guidelines were mandatory, and his contention has no basis in fact. The district court said nothing at the sentencing hearing suggesting that it viewed the Guidelines as mandatory, and it admonished Martinez at his rearraignment that the Guidelines were advisory only.

AFFIRMED.